Britta E. Warren, OSB No. 065441
BLACK HELTERLINE, LLP
805 SW Broadway, Suite 1900
Portland, OR 97205
Tel: 503.224.5560
Fax: 503.224.6148
bew@bhlaw.com

Courtney A. Hasselberg
Ashley Schawang
SHOOK, HARDY & BACON L.L.P.
Motions to appear *pro hac vice* forthcoming
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone:    949.475.1500
Facsimile:    949.475.0016
chasselberg@shb.com
aschawang@shb.com

Attorneys for Plaintiff

## UNITED STATE DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| COMMERCE AND INDUSTRY INSURANCE COMPANY<br>            Plaintiff,<br>    **v.**<br><br>**HR STAFFING, INC.**<br>            Defendant. | Case No.:<br><br>COMPLAINT<br><br>Breach of Contract Action<br>(28 U.S.C. § 1332) |

Plaintiff Commerce and Industry Insurance Company (hereinafter "Commerce & Industry") alleges the following against Defendant HR Staffing, Inc. (hereinafter "HR Staffing"):

Page 1 - COMPLAINT

## PARTIES

1. Commerce & Industry is an insurance company duly organized and authorized to transact insurance business under the laws of New York, in good standing, with its principal place of business located at 175 Water Street, New York, NY 10038.

2. HR Staffing is incorporated in Oregon and maintains its principal place of business in Oregon.

## JURISDICTION AND VENUE

3. There is complete diversity pursuant to 28 U.S.C. § 1332 because (1) Commerce & Industry is a citizen of New York; and (2) HR Staffing is a citizen of Oregon.

4. As set forth below and incorporated herein, the amount in controversy requirements of 28 U.S.C. § 1332 are satisfied in that there is more than $75,000 at issue, exclusive of costs and interest.

5. This action properly lies in the District of Oregon pursuant to 28 U.S.C. § 1391(a), because HR Staffing's failure to remit premiums occurred within this District.

## FACTUAL ALLEGATIONS

6. Commerce & Industry incorporates each of the preceding allegations as if fully restated herein.

7. On or about June 20, 2011, Commerce & Industry issued to HR Staffing a workers' compensation insurance policy, WC 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, which provided workers' compensation coverage to HR Staffing's California employees ("the California Policy") for the policy period June 20, 2011 through June 20, 2012 (the California Policy Period). A true and correct copy of the California Policy is attached hereto as **Exhibit A** and incorporated herein by reference.

8.	On or about June 20, 2011, Commerce & Industry issued to HR Staffing a workers' compensation insurance policy, WC 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, which provided workers' compensation coverage to HR Staffing's employees in multiple states ("the Multi-State Policy"), for the policy period June 20, 2011 through June 20, 2012 ("the Multi-State Policy Period"). A true and correct copy of the Multi-State Policy is attached hereto as **Exhibit B** and incorporated herein by reference.

9.	HR Staffing paid Commerce & Industry an estimated premium pursuant to the terms and conditions of each Policy.  *See* **Exhibits A-B**, Part 5(E).  The estimated premium was based upon documents and information provided by HR Staffing.  The final premium for HR Staffing was determined after Commerce & Industry conducted an audit of HR Staffing's actual payroll for the applicable policy periods, pursuant to the express terms of the Policies.  *See* **Exhibits A-B**, Part 5(E).

10.	HR Staffing failed to pay Commerce & Industry the final premiums for the insurance coverage provided pursuant to the workers' compensation insurance policies.

11.	HR Staffing received and accepted the insurance coverage of the policies, and agreed under the terms of the policies to pay all premiums due.  *See* **Exhibits A-B**, Part 5(D).

12.	Commerce & Industry fully performed all conditions required of it in connection with providing the insurance coverage under the policies, as requested by HR Staffing.

13.	HR Staffing agreed to pay the estimated premiums and accepted the fact that it would be subject to a final audit to review the actual payroll records during the policy periods for the Policies to determine the final premiums due.  *See* **Exhibits A-B**, Part 5(E).  Commerce & Industry had the right to conduct the audits during regular business hours during the policy periods and within three (3) years after the policy periods ended.  *See* **Exhibits A-B**, Part 5(G).

14.     Pursuant to the policies, Commerce & Industry conducted an audit of HR Staffing's records for the respective policies. The audits found that COH owed the following estimated and additional premiums ("Outstanding Premiums"):

| Policy Number | Premium Due |
| --- | --- |
| 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 (Additional Premium) | $ 237,811.00 |
| 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 (Additional Premium) | $ 30,658.00 |
| **Total** | **$268,469.00** |

15.     Invoices were sent to HR Staffing for the Outstanding Premiums due, but HR Staffing has failed to remit payment. True and correct copies of the invoices sent to HR Staffing for premiums due on the California Policy and the Multi-State Policy are attached as **Exhibits C** and **D**, respectively.

16.     To date, the remaining balance due from HR Staffing is $268,469.00, plus any applicable costs and interest.

## COUNT I – BREACH OF CONTRACT

17.     Commerce & Industry incorporates each of the preceding allegations as if fully restated herein.

18.     Commerce & Industry issued the California Policy and the Multi-State Policy to HR Staffing.

19.     HR Staffing contracted for and received the benefits of coverage under the written policies; in exchange, HR Staffing agreed to pay premiums due and owing to Commerce & Industry.

20.     The final premiums that HR Staffing owed for the policies were to be determined pursuant to an audit of HR Staffing's books and records. *See* **Exhibits A-B**, Part 5(G).

21. The estimated premium that HR Staffing owed for the policies was determined based on information provided by HR Staffing.  *See* **Exhibits A-B**, Part 5(E, G).

22. Commerce & Industry conducted audits of HR Staffing's books and records, requested additional information from HR Staffing, and used the proper classifications and rates that applied to the business and work covered by each employee.

23. Commerce & Industry issued invoices to HR Staffing for the Outstanding Premiums of $ 268,469.00.

24. HR Staffing has not paid the Outstanding Premiums.

25. As a result of the failure to pay the Outstanding Premiums Commerce & Industry have suffered actual damages in the amount of $268,469.00, plus any additional pre-judgment and post-judgment interest and costs.

WHEREFORE, Commerce & Industry seek a judgment against COH in an amount no less than Two Hundred Sixty-Eight Thousand Four Hundred Sixty-Nine Dollars and No Cents ($268,469.00), costs incurred, plus pre-judgment and post-judgment interest at the legal rate, and such other and further relief as the Court deems appropriate and just.

## COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT

26. Commerce & Industry incorporates each of the preceding allegations as if fully restated herein.

27. In the alternative to any claim for breach of contract, HR Staffing is liable to Commerce & Industry under the doctrine of quantum meruit/unjust enrichment.

28. At all relevant times herein, Commerce & Industry conferred benefits upon HR Staffing by providing HR Staffing with workers' compensation insurance coverage.

29. At all relevant times herein, HR Staffing had knowledge of the benefits conferred by Commerce & Industry.

30. HR Staffing voluntarily received and retained the benefits of workers' compensation insurance coverage provided by Commerce & Industry. HR Staffing was enriched by the benefits conferred by Commerce & Industry.

31. HR Staffing did not pay Commerce & Industry in full for the value of the benefits received.

32. Commerce & Industry asserts that the unpaid value of benefits conferred to HR Staffing equals $268,469.00.

33. Despite the receipt of the enrichment, HR Staffing has refused to make full payment to Commerce & Industry for the enrichment received.

34. HR Staffing's enrichment is unjust.

35. HR Staffing's retention of benefits under these circumstances violates fundamental principles of justice, equity and good conscience; the circumstances render HR Staffing's retention of the benefit inequitable unless HR Staffing pays Commerce & Industry for the value of the benefit received.

36. As a result of HR Staffing's unjust enrichment, Commerce & Industry is owed $268,469.00, plus any additional pre-judgment and post-judgment interest and costs.

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

WHEREFORE, Commerce & Industry seek a judgment against HR Staffing in an amount no less than Two Hundred Sixty-Eight Thousand Four Hundred Sixty-Nine Dollars and No Cents ($268,469.00), costs incurred, plus pre-judgment and post-judgment interest at the legal rate, and such other and further relief as the Court deems appropriate and just.

Dated:  April 4, 2014.

Respectfully submitted,

By:   s/ Britta E. Warren
     Britta E. Warren
     Black Helterline, LLP
     805 SW Broadway, Suite 1900
     Portland, OR 97205
     Tel: 503.224.5560
     Fax: 503.224.6148
     bew@bhlaw.com

     Courtney A. Hasselberg
     Ashley Schawang
     Motions to appear *pro hac vice* forthcoming
     Shook, Hardy & Bacon, LLP
     Jamboree Center
     5 Park Plaza, Suite 1600
     Irvine, CA 92614
     Tel: (949) 475-1500
     Fax: (949) 475-0016
     Email: chasselberg@shb.com
           aschawang@shb.com

**ATTORNEYS FOR COMMERCE AND INDUSTRY INSURANCE COMPANY**