IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COMMERCE AND INDUSTRY
INSURANCE COMPANY,

        Plaintiff,

   v.

HR STAFFING, INC.

        Defendant.

No. 3:14-cv-00559-HZ

OPINION & ORDER

Britta E. Warren
BLACK HETLERLIN, LLP
805 SW Broadway, Suite 1900
Portland, OR 97205

1 - OPINION & ORDER

Courtney A. Hasselberg
Ashley Schawang
SHOOK, HARDY, & BACON L.L.P.
5 Park Plaza, Suite 1600
Irvine, CA 92614-2546

    Attorneys for Plaintiff

Robert A. Kerr
KERR LAW OFFICE P.C.
1001 Molalla Avenue, Suite 208
Oregon City, OR 97045

    Attorney for Defendants

HERNÁNDEZ, District Judge:

    Plaintiff Commerce and Industry Insurance Company ("Commerce & Industry") brings this action, alleging breach of contract and unjust enrichment. Defendant HR Staffing, Inc. ("HR Staffing") counterclaims, also alleging breach of contract and unjust enrichment. Commerce & Industry moves to dismiss for failure to state a claim upon which relief can be granted. Because HR Staffing's counterclaims are pled with insufficient facts to determine its right to relief, the motion is granted.

## BACKGROUND

    In June of 2011, HR Staffing and Commerce & Industry entered into two contracts for workers compensation insurance. Complaint ¶¶ 1-2, Ex. A & Ex. B. Commerce & Industry alleges these contracts provided that HR Staffing would initially pay an estimated premium and, after Commerce & Industry audited its employee records, subsequently pay a final premium. Complaint ¶¶ 8 & 9. Commerce & Industry further alleges that it provided HR Staffing with insurance coverage, but HR Staffing failed to pay the final premiums, totaling $268,469.00.

2 - OPINION & ORDER

Complaint ¶¶ 10, 25.  In the alternative, Commerce & Industry claims that HR Staffing's conduct amounts to unjust enrichment.  Complaint ¶¶ 26-36.

HR Staffing counterclaims, also alleging breach of contract and unjust enrichment.  Answer ¶¶ 18-28.  HR Staffing claims it paid at least $88,507.20 to an injured employee who was covered by one of the two contracts.  Answer ¶ 20.  HR Staffing further alleges that it "initiated" a claim with Commerce & Industry, but Commerce & Industry "failed and refused" to provide reimbursement.  Answer ¶ 20.  HR Staffing asserts it fully performed under the contracts, and requests damages in the amount $88,507.20 plus pre-judgment and post-judgment interest.  Answer ¶¶ 22 & 23.  HR Staffing also argues that the workers compensation claim it paid to its employee constitutes a "benefit" to Commerce & Industry.  Answer ¶ 25 & 26.  Therefore, HR Staffing alleges, Commerce & Industry "would be unjustly enriched if it did not reimburse defendant for the amounts [HR Staffing] paid on claims that were covered by" Commerce & Industry.  Answer ¶ 27 & 28.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief.  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).  In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party.  Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012).  However, the court need not accept conclusory allegations as truthful.  Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

3 - OPINION & ORDER

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning when the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

## DISCUSSION

**I.    Breach of Contract Claim**

The sole question to resolve is whether HR Staffing's counterclaims provide sufficient factual allegations to state plausible claims for relief. HR Staffing insists that its pleading provides sufficient facts to place Commerce & Industry on notice of "the basis of the claim[s] and the grounds for recovery." Defendant's Response at 2. Under Oregon law, to state a claim for a breach of contract a party "must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." Arnett v. Bank of America, N.A., 874 F. Supp. 2d 1021, 1029 (D. Or. 2012) (citations omitted). HR Staffing has failed to identify the relevant contractual provisions that it claims

Commerce & Industry breached.  Reply at 1.  Further, HR Staffing has not specified under which of the two contracts its injured employee was covered.  Answer ¶ 19 & 20.

      HR Staffing is correct that a party need not allege by quotation each and every particular provision of a contract that was breached.  However, the alternative to exhaustive quotation is not to entirely omit the contractual terms, but instead to incorporate the relevant provisions by reference.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("when ruling on a Rule 12(b)(6) motion" a district court "must consider . . . documents incorporated into the complaint by reference").  HR Staffing must provide this information in its pleadings because "[t]o determine whether [a party's] allegations state a claim for breach, the court must first interpret the contract." Arnett, 874 F. Supp. 2d at 1030-31.  The court must know the provision (or provisions) of the contract (or contracts) that have allegedly been breached before it can perform the necessary interpretation.  See, e.g., Shroyer, 662 F.3d at 1042 (stating that, although the plaintiff did not include specific provisions of the contract in his amended complaint, dismissal under Rule 12(b)(6) was erroneous in part because he "directed the district court to them in his opposition to the motion to dismiss").

      Moreover, HR Staffing fails to provide any information about the insurance claim it made to Commerce & Industry, the allegedly injured employee, or the circumstances of his or her injury.  HR Staffing argues that because it previously provided Commerce & Industry with this information, it is "disingenuous" for Commerce & Industry to assert that it is not on notice of the facts of this claim.  Response at 1-2.  However, notice to the opposing party alone is not sufficient for a pleading to survive a Rule 12(b)(6) motion to dismiss.  See Shroyer, 662 F.3d at 1041 (A pleading "must contain sufficient factual matter to state a facially plausible claim to relief.") (citing Iqbal, 556 U.S. 662).  Without more factual information, this Court cannot

5 - OPINION & ORDER

reasonably infer anything more than a mere possibility that HR Staffing is entitled to relief, regardless of whether Commerce & Industry should be aware of the basis for its claim.

Finally, this claim includes only a conclusory statement of one of the elements of the claim—full performance and the absence of breach on the part of HR Staffing. See Answer ¶ 22 ("Defendant has performed all conditions on its part to be performed, or such conditions are otherwise excused."). As the Iqbal Court stated, "[t]hreadbare bare recitals of the elements of a cause of action" are to be disregarded, and courts are instead to consider only whether the "well pleaded facts" in a pleading give rise to a "plausible" inference that the pleader is entitled to relief. Iqbal, 566 U.S. at 678-79 (citations omitted). HR Staffing has not provided any facts from which this Court can reasonably infer that it fully performed under its contracts with Commerce & Industry.

Accordingly, HR Staffing's first counterclaim is dismissed for failure to state a claim.

## II.     Unjust Enrichment Claim

HR Staffing's unjust enrichment claim fails for similar reasons. In Oregon, a claim of unjust enrichment requires three elements: "(1) a benefit conferred, (2) awareness by the recipient that she has received the benefit, and (3) it would be unjust to allow the recipient to retain the benefit without requiring her to pay for it." Cron v. Zimmer, 296 P.3d 567, 577 (Or. Ct. App. 2013) (citation omitted). HR Staffing's pleading provides no facts explaining what benefit it conferred on Commerce & Industry by making a claim under one of its insurance policies, or how Commerce & Industry was made aware of that benefit. Further, HR Staffing appears to argue that the benefit to Commerce & Industry is that it did not reimburse HR Staffing as the contract required. A party cannot recover for unjust enrichment if there is a legally enforceable contract between the parties. Ken Hood Const. Co. v. Pacific Coast Const., Inc., 126 P.3d 1254, 1255-56 (Or. Ct. App. 2006). Commerce & Industry cannot receive a benefit for

purposes of unjust enrichment by keeping money it was obligated to pay under a legally enforceable contract.

In the absence of facts from which this Court may reasonably infer the existence of a benefit and Commerce & Industry's awareness that it had received that benefit, HR Staffing cannot state a claim of unjust enrichment.

## CONCLUSION

Based on the foregoing, Defendant Commerce & Industry's Motion to Dismiss is granted, with leave to amend. HR Staffing shall file an amended complaint within 30 days of the date below.

IT IS SO ORDERED.

Dated this \_\_1\_\_ day of \_\_Oct\_\_, 2014.

_____
MARCO A. HERNÁNDEZ
United States District Judge