IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COMMERCE AND INDUSTRY
INSURANCE COMPANY,

        Plaintiff,

    v.

HR STAFFING, INC.,

        Defendant.

No. 3:14-cv-00559-HZ

OPINION & ORDER

Ashley N. Schawang
SHOOK, HARDY & BACON L.L.P
2555 Grand Boulevard
Kansas City, MO 64108

Britta E. Warren
BLACK HELTERLINE, LLP
1900 Fox Tower
805 SW Broadway
Portland, OR 97205

1 – OPINION & ORDER

Courtney A. Hasselberg
SHOOK, HARDY & BACON L.L.P
5 Park Plaza, Suite 1600
Irvine, CA 92614

    Attorneys for Plaintiff

Robert A. Kerr
KERR LAW OFFICE P.C.
1001 Molalla Avenue, Suite 208
Oregon City, OR 97045

    Attorney for Defendant

HERNÁNDEZ, District Judge:

    Plaintiff Commerce and Industry Insurance Company ("Commerce & Industry") moves to dismiss Defendant HR Staffing, Inc.'s amended breach of contract counterclaim for failure to state a claim upon which relief can be granted. Because HR Staffing fails to allege one of the elements necessary to state a claim, the motion is granted.

## BACKGROUND

    In June of 2011, Commerce & Industry and HR Staffing entered into two contracts for workers compensation insurance. Compl. ¶¶ 1–2, Ex. A & Ex. B. Commerce & Industry alleges these contracts provided that HR Staffing would initially pay an estimated premium and, after Commerce & Industry audited its employee records, subsequently pay a final premium. Compl. ¶¶ 8 & 9. Commerce & Industry further alleges that it provided HR Staffing with insurance coverage, but HR Staffing failed to pay the final premiums, in breach of the two contracts. Compl. ¶¶ 10, 25. Commerce & Industry alleges damages of $268,469.00. Compl. ¶ 25. In the alternative, Commerce & Industry claims that HR Staffing's conduct amounts to unjust enrichment. Compl. ¶¶ 26–36.

2 – OPINION & ORDER

On May 22, 2014, HR Staffing answered Commerce & Industry's complaint and counterclaimed, also alleging breach of contract and unjust enrichment. Answer ¶¶ 18–28. In an October 1, 2014 order, this Court dismissed HR Staffing's counterclaims because they were pled with insufficient facts to determine HR Staffing's right to relief, but granted HR Staffing leave to amend.

Now, HR Staffing submits an amended counterclaim for breach of contract only. HR Staffing claims that Commerce & Industry breached the "Multi-state Policy," one of the two insurance contracts at issue in this case. Am. Answer ¶ 22. HR Staffing alleges that the Multi-state Policy contained two relevant provisions: (1) that Commerce & Industry would pay promptly when due the benefits required of HR Staffing by the workers compensation law, and (2) that Commerce & Industry would pay all sums that HR Staffing was legally obligated to pay as damages because of bodily injury to HR Staffing's employees. Am. Answer ¶ 22. HR Staffing claims it paid at least $88,507.20 to Ronald Weber, an injured employee who was covered by the Multi-state Policy. Am. Answer ¶ 19-21. HR Staffing further alleges that it "asked" Commerce & Industry to reimburse it for that payment but Commerce & Industry "failed and refused" to do so. Am. Answer ¶ 21. HR Staffing alleges that it incurred at least $88,507.20 in damages as a result of Commerce & Industry's breach of the Multi-state Policy.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. Wilson v. Hewlett–Packard Co., 668

3 – OPINION & ORDER

F.3d 1136, 1140 (9th Cir. 2012). However, the court need not accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations and footnote omitted). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted).

## DISCUSSION

I.    Failure to State a Claim

HR Staffing submits this amended counterclaim for breach of contract and provides additional facts that move it closer to facially stating a plausible claim for relief. However, HR Staffing fails to allege one of the elements of breach of contract and, therefore, once again fails to state a claim.

Under Oregon law, to state a claim for breach of contract, a plaintiff must allege "the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach, and defendant's breach resulting in damage to the plaintiff." Staton v. BAC Home Loans Servicing, LP, No. 6:10-CV-01306-PA, 2014 WL 1803376, at *5 (D. Or. May 6, 2014) (citing Slover v. Oregon State. Bd. of Clinical Soc. Workers, 144 Or. App. 565, 570 (1996).

HR Staffing's amended counterclaim identifies the contract at issue—the Multi-state Policy. Am. Answer ¶ 19. The counterclaim also identifies the relevant terms of the contract that purportedly required Commerce & Industry to reimburse HR Staffing for payments HR Staffing made due to the workers compensation law or as damages because of bodily injury to an employee. Am. Answer ¶ 22. Additionally, the counterclaim alleges that Commerce & Industry breached the contract by failing to refund or reimburse HR Staffing for the amount HR Staffing paid on the claim of an injured employee, Mr. Weber. Am. Answer ¶ 22.

However, the amended counterclaim lacks any allegation of HR Staffing's full performance under the contract and absence of breach. In the previous counterclaim HR Staffing submitted to this Court, it stated that HR Staffing had "performed all conditions on its part to be performed, or such conditions are otherwise excused." Answer ¶ 22. In an October 1, 2014 order dismissing that counterclaim, this Court explained:

> This claim includes only a conclusory statement of one of the elements of the claim—full performance and the absence of breach on the part of HR Staffing. See Answer ¶ 22 ("Defendant has performed all conditions on its part to be performed, or such conditions are otherwise excused."). As the Iqbal Court stated, "[t]hreadbare bare recitals of the elements of a cause of action" are to be disregarded, and courts are instead to consider only whether the "well pleaded facts" in a pleading give rise to a "plausible" inference that the pleader is entitled to relief. Iqbal, 566 U.S. at 678–79 (citations omitted). HR Staffing has not provided any facts from which this Court can reasonably infer that it fully performed under its contracts with Commerce & Industry.

Commerce & Indus. Ins. Co. v. HR Staffing, Inc., No. 3:14-CV-00559-HZ, 2014 WL 4983671, at *3 (D. Or. Oct. 1, 2014).

Now, in this amended counterclaim, HR Staffing does not even mention the element of full performance and absence of breach. In response to Commerce & Industry's motion to dismiss, HR Staffing states that its counterclaim "is straightforward" and that "sufficient details of the underlying facts and circumstances are alleged in the First Amended Answer, along with

5 – OPINION & ORDER

references to the applicable contractual provisions." Def.'s Resp. 1-2. HR Staffing provides no explanation for its failure to allege one of the essential elements of a breach of contract claim. Therefore, once again, HR Staffing fails to state a claim.

II.     Leave to Amend

HR Staffing states that, if necessary, it is "willing to file an amended Answer, Affirmative Defenses, and Counterclaims to provide the claim details (i.e. name of claimant, date of claim) and any other details required by this Court." Def.'s Resp. 1-2. HR Staffing appears to misunderstand the problem with its counterclaim. The counterclaim provides sufficient details as to the contract at issue and relevant contract provisions in order to survive a motion to dismiss. However, it entirely lacks an allegation or facts supporting an assertion that HR Staffing fully performed and did not breach the contract.

Under Federal Rule of Civil Procedure 15(a)(2), a court may grant leave when "justice so requires." The decision of whether to grant leave to amend under Rule 15(a)(2), however, "remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182–83 (1962)).

If the Court construes HR Staffing's offer to file an amended counterclaim as a motion, it violates Local Rule 7–1(b), which states that a motion "may not be combined with any response, reply, or other pleading." LR 7–1(b). Because HR Staffing's request for leave to amend is combined with its response, it is procedurally improper under the local rules.

Furthermore, Commerce & Industry argues that amendment would be futile. According to Commerce & Industry, HR Staffing is incapable of alleging full performance under the parties' contract because it already admitted to its failure to pay the invoices received from Commerce & Industry. Pl.'s Reply 2. If HR Staffing wishes to amend its counterclaim once more, it should submit a motion for leave to amend and explain why amendment would not be futile. See Foman, 371 U.S. at 182 ("futility of amendment" is a reason to deny leave to amend).

## CONCLUSION

Commerce & Industry's motion to dismiss [22] is GRANTED. If HR Staffing chooses to submit a motion for leave to amend, it must do so within 14 days of the date below.

IT IS SO ORDERED.

Dated this 8 day of Jan., 2015.

MARCO A. HERNÁNDEZ
United States District Judge

7 – OPINION & ORDER