IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COMMERCE AND INDUSTRY
INSURANCE COMPANY,

        Plaintiff,

   v.

HR STAFFING, INC.,

        Defendant.

No. 3:14-cv-00559-HZ

OPINION & ORDER

Courtney A. Hasselberg
SHOOK, HARDY & BACON, LLP
5 Park Plaza, Suite 1600
Irvine, CA 92614

Ashley N. Schawang
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108

Britta E. Warren
BLACK HELTERLINE, LLP
1900 Fox Tower
805 SW Broadway
Portland, OR 97205

        Attorneys for Plaintiff

1 – OPINION & ORDER

Robert A. Kerr
KERR LAW OFFICE P.C.
1001 Molalla Avenue, Suite 208
Oregon City, OR 97045

    Attorney for Defendant

HERNÁNDEZ, District Judge:

    Plaintiff Commerce and Industry Insurance Company brings this Motion for Sanctions, contending that Defendant HR Staffing, Inc. has failed to comply with this Court's November 5, 2014 Order, [21], and has repeatedly failed to respond to Plaintiff's First Requests for Production. Plaintiff asks the Court to order Defendant to pay Plaintiff $2,010 in attorney's fees. The Court grants Plaintiff's motion and finds Plaintiff's fee request reasonable; therefore, the Court orders Defendant to pay Plaintiff $2,010 for Plaintiff's efforts to obtain Defendant's compliance with this Court's Order.

    Federal Rule of Civil Procedure 37(b)(2) provides that a party who "fails to obey an order to provide or permit discovery" may be sanctioned. Permissible sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vii). Alternatively, or additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c).

    On September 23, 2014, Plaintiff filed a Motion to Compel Discovery Responses, [16]. Plaintiff asked the Court to order Defendant to produce documents sought in Plaintiff's First Requests for Production of Documents, which was served upon Defendant on May 19, 2014. Defendant objected to the Motion to Compel for two reasons: (1) several of the document requests went beyond the scope of discovery by not being reasonably limited to any party's claims or defenses; and (2) a large portion of the documents requested by Plaintiff were outside

2 – OPINION & ORDER

of Defendant's possession, custody, or control, and would be unduly burdensome and expensive to obtain. Def.'s Resp. Mot. Compel at 1-2, [18]. In particular, Defendant asserted that a software provider, ThinkWare, Inc., had the information Plaintiff sought and had refused to provide Defendant with access to the information unless Defendant paid $9,000. Id. at 2.

The Court conducted a hearing on Plaintiff's Motion to Compel on November 5, 2014. Plaintiff's motion was granted as stated on the record and Defendant was ordered to respond to discovery requests within 14 days and serve a subpoena on ThinkWare, Inc., for the records that had been otherwise unavailable. See Order, November 5, 2014, [21].

Plaintiff's counsel corresponded via email with Defendant's counsel ten times from the November 5, 2014, Motion to Compel hearing until the present motion was filed on March 31, 2015. Hasselberg Decl. ¶¶ 3-4. In addition, Defendant's counsel failed to return numerous telephone calls. Id. at ¶ 3. While Defendant's counsel promised Plaintiff's counsel that discovery responses and additional documents were forthcoming, Defendant has not provided written responses to Plaintiff's First Requests for Production and has only produced some documents that are responsive to Plaintiff's requests. Id. at ¶ 5.

In addition, Plaintiff's counsel declares that on March 30, 2015, Defendant's counsel sent an email stating that a subpoena had been issued. Hasselberg Decl. ¶ 4. Plaintiff has not received a copy of the subpoena. Id. Because Defendant did not respond to this Motion for Sanctions, the Court is unable to determine whether the subpoena has been served. However, even if it were served on March 30, 2015, that would constitute an unreasonable delay from this Court's November 5, 2014 Order to serve the subpoena.

Plaintiff asks the Court to sanction Defendant for its failure to respond to Plaintiff's First Requests for Production and its failure to comply with this Court's November 5, 2014 Order.

3 – OPINION & ORDER

Defendant offers no response. The Court finds no substantial justification for Defendant's failure to comply with this Court's Order and Plaintiff's discovery requests.

## CONCLUSION

Plaintiff's Motion for Sanctions [26] is GRANTED. Defendant is ordered to pay $2,010 to Plaintiff for reasonable attorney's fees.

IT IS SO ORDERED.

Dated this ___7___ day of ___May___, 2015.

*Marco Hernández*

MARCO A. HERNÁNDEZ
United States District Judge

4 – OPINION & ORDER