IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COMMERCE AND INDUSTRY
INSURANCE COMPANY,

        Plaintiff,

   v.

HR STAFFING, INC.,

        Defendant.

No. 3:14-cv-00559-HZ

OPINION & ORDER

Courtney A. Hasselberg
SHOOK, HARDY & BACON, LLP
5 Park Plaza, Suite 1600
Irvine, CA 92614

Ashley N. Schawang
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108

Britta E. Warren
BLACK HELTERLINE, LLP
1900 Fox Tower
805 SW Broadway
Portland, OR 97205

    Attorneys for Plaintiff

1 – OPINION & ORDER

Robert A. Kerr
KERR LAW OFFICE P.C.
1001 Molalla Avenue, Suite 208
Oregon City, OR 97045

    Attorney for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Commerce and Industry Insurance Company brings this Amended Motion for Additional Sanctions, contending that Defendant HR Staffing, Inc. has failed to comply with this Court's November 5, 2014 Order, notwithstanding this Court's imposition of sanctions upon Defendant on May 7, 2015. <u>See</u> Opinion & Order, May 7, 2015, ECF 28. According to Plaintiff, Defendant has continued to fail to comply with discovery requests and has significantly hindered Plaintiff's ability to obtain the information and documents needed to litigate its case. Plaintiff asks the Court to order Defendant to pay Plaintiff $4,129.00 in attorney's fees.[1]

The Court grants Plaintiff's motion and finds Plaintiff's fee request reasonable; therefore, the Court orders Defendant to pay Plaintiff $4,129 for Plaintiff's ongoing efforts to obtain Defendant's compliance with this Court's Order.

## BACKGROUND

On September 23, 2014, Plaintiff filed a Motion to Compel Discovery Responses. Plaintiff asked the Court to order Defendant to produce documents sought in Plaintiff's First Request for Production of Documents, which was served upon Defendant on May 19, 2014. Defendant objected to the Motion to Compel for two reasons: (1) several of the document requests went beyond the scope of discovery by not being reasonably limited to any party's claims or defenses; and (2) a large portion of the documents requested by Plaintiff were outside

---

[1] Plaintiff also asks this Court to impose additional sanctions on Defendant, including striking Defendant's Answer and entering default judgment against Defendant and in favor of Plaintiff. Pl.'s Mot. 2, ECF 31. The Court declines to impose those sanctions at this point.

2 – OPINION & ORDER

of Defendant's possession, custody, or control, and would be unduly burdensome and expensive to obtain. Def.'s Resp. Mot. Compel 1-2, [18]. In particular, Defendant asserted that a software provider, ThinkWare, Inc., had the information Plaintiff sought and had refused to provide Defendant with access to the information unless Defendant paid $9,000. Id. at 2.

The Court conducted a hearing on Plaintiff's Motion to Compel on November 5, 2014. Plaintiff's motion was granted as stated on the record and Defendant was ordered to respond to Plaintiff's discovery requests within 14 days and serve a subpoena on ThinkWare, Inc. for the records that had been otherwise unavailable. See Order, November 5, 2014, [21].

Despite this Court's order, Defendant failed to respond to Plaintiff's discovery requests and failed to subpoena ThinkWare, Inc. In addition, Defendant's counsel failed to communicate with Plaintiff's counsel. As a result, on May 7, 2015, this Court granted Plaintiff's motion for sanctions and ordered Defendant to pay Plaintiff $2,010 for reasonable attorney's fees. Opinion & Order, May 7, 2015, ECF 28.

Defendant provided proof that it eventually served the subpoena to ThinkWare, Inc. on April 21, 2015, and that ThinkWare, Inc. responded on June 10, 2015. ThinkWare, Inc. stated that it is not in possession of any of the data that Defendant requested and that Defendant would have to pay over $11,000 in order to renew a software license to be able to access the data. Defendant argued once again to this Court that it was unreasonable to expect it to pay that amount in order to comply with Plaintiff's discovery requests. Defendant also stated that it has searched for and produced all documents responsive to Plaintiff's request for production that are within its possession, custody, and control.

On June 23, 2015, Plaintiff moved for sanctions again, contending that Defendant has continued to fail to comply with this Court's November 5, 2014 Order. Specifically, Plaintiff

3 – OPINION & ORDER

argues that Defendant waited over five months to serve the subpoena and that Defendant's argument that it is unreasonably burdensome and expensive to produce the requested documents is the same position it stated in November 2014. Plaintiff also argued that the written response that Defendant provided to Plaintiff's First Request for Production was inaccurate and misleading.

This Court conducted oral argument on Plaintiff's motion on August 18, 2015. At oral argument, Plaintiff and the Court heard for the first time Defendant's assertion that it did not have the financial ability to pay the $11,000 to obtain the data. Defendant's attorney represented that Defendant was in the process of being administratively dissolved.

Plaintiff was understandably surprised by this news, as Defendant had never relayed such information to Plaintiff or the Court. Plaintiff requested, and this Court ordered, for Plaintiff to depose Defendant's representative to discern the financial status of the company. The parties were ordered to attend a status conference on September 4, 2015, to update the Court on Plaintiff's findings.

On September 4, 2015, Plaintiff reported that it had deposed Hunter Caputo, Defendant's president, and had learned that the company had not been in business since June or July of 2012. Mr. Caputo described a complicated series of transactions under which the company was owned by various other companies connected to Mr. Caputo and his late father. Defendant continued to assert that, despite the appearance of money flowing in and out of Defendant's bank account, it did not have the ability to pay the $11,000 to obtain the requested data.

The Court was unable to determine, based on the parties' reports, whether or not Defendant is financially able to pay the $11,000 at issue.[2] Therefore, the Court ordered further

---

[2] The Court indicated, however, that if Defendant is able to pay, the Court will order it to pay.

4 – OPINION & ORDER

briefing from the parties on the topic, but indicated that it would address the issue of sanctions in the present Opinion.

## STANDARD

Federal Rule of Civil Procedure 37(b)(2) provides that a party who "fails to obey an order to provide or permit discovery" may be sanctioned. Permissible sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vii). Alternatively, or additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c).

## DISCUSSION

Despite the prior imposition of sanctions, Defendant continued to disregard this Court's November 5, 2014 Order. Defendant waited until July 10, 2015 to respond to Plaintiff's First Request for Production of Documents. Def. Resp. Pl. Req., ECF 33-2.

Furthermore, Defendant withheld critical information from Plaintiff and this Court regarding the financial health of the company. Defendant argued for almost a year that it would be an "unreasonable burden and expense" to be required to pay ThinkWare, Inc. for the data. Not until August 2015 did Defendant disclose that, not only might it be unreasonable, it might be impossible due to Defendant going out of business and being administratively dissolved. Defendant's failure to disclose this information earlier led to unnecessary delays in this case and has brought the progress of the case to a halt until this Court hears argument from the parties as to Defendant's finances. The Court finds no substantial justification for Defendant's failure to comply with this Court's Order and Plaintiff's discovery requests.

"Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007). While the Court declines to issue a case dispositive sanction at this junction, Defendant is warned that failure to comply with this Court's orders in the future may result in such a sanction.

## CONCLUSION

Plaintiff's Amended Motion for Additional Sanctions [31] is GRANTED. Defendant is ordered to pay $4,129.00 to Plaintiff for reasonable attorney's fees.

IT IS SO ORDERED.

Dated this \_\_22\_\_ day of \_\_Sept.\_\_, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge